UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LEANDER CARTER, | ) |
| MICHAEL BRENT, | ) |
| WILLIE JOHNSON, | ) |
| CHARLES KIDD, | ) |
| STANLEY MILLER, | ) |
| OSCAR PATTON, | ) |
| CARL ROGERS, | ) |
| JOE SHERROD, | ) |
| JOHN THEIS, | ) |
| PASCUAL VIDEGARAY, | ) |
| LUIS VILLAVICENCIO-SE, | ) |
| JASON WARD, | ) |
| EDWARD HARRIS, | ) |
| DELMAR GRAY, | ) |
| DENNIS McARDLE, | ) |
| BLACKIE VEACH, | ) |
| HAROLD OLIVER, | ) |
| NICHOLAS ANDREWS, | ) |
| CHRISTOPHER ALEXANDER, | ) |
| BRAYONE MURFF, | ) |
| and | ) |
| CARLOS JENKINS | ) |
| | ) |
| vs. | ) |
| | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| ALFONSO DAVID, M.D., | ) |
| ANDREW TILDEN M.D., | ) |
| JOHN TROST, M.D., | ) |
| KUL SOOD, M.D., | ) |
| ARTHUR FUNK, M.D., | ) |
| SHERRI LYNN, | ) |
| LOUIS SHICKER, M.D. | ) |
| MICHAEL PUISIS, M.D. | ) |
| UNKNOWN DOCTORS | ) |
|     (JANE/JOE DOES 1-10) | ) |
| UNKNOWN MEDICAL DIRECTORS | ) |
|     (JANE/JOE DOES 11-15) | ) |
| UNKNOWN HEALTHCARE | ) |
| UNIT ADMINISTRATORS | ) |

1

| | |
|---|---|
| (JANE/JOE DOES 16-20) | ) |
| and | ) |
| UNKNOWN WEXFORD EMPLOYEES | ) |
| (JANE/JOE DOES 21-25) | ) |

## COMPLAINT

Plaintiffs Leander Carter, Michael Brent, Willie Johnson, Charles Kidd, Stanley Miller, Oscar Patton, Carl Rogers, Joe Sherrod, John Theis, Pascual Videgaray, Luis Villavicencio-Se, Jason Ward, Edward Harris, Delmar Gray, Dennis McArdle, Blackie Veach, Harold Oliver, Nicholas Andrews, Christopher Alexander, Brayone Murff, and Carlos Jenkins through their attorneys, Muldoon & Muldoon, LLC as their Complaint under the Civil Rights Act, Title 42, Section 1983 of the United States Code, against defendants Wexford Health Sources, Inc. ("Wexford"), Alfonso David, M.D. ("David") Andrew Tilden M.D. ("Tilden"). John Trost, M.D., ("Trost") Kul Sood, M.D., ("Sood"), Arthur Funk, M.D., ("Funk"), Sherri Lynn ("Lynn"), Louis Shicker M.D. ("Shicker"), Michael Puisis M.D. ("Puisis") Unknown Doctors (Jane/Joe Does 1-10), Unknown Medical Directors (Jane/Joe Does 11-15), Unknown Healthcare Unit Administrators (Jane/Joe Does 15-20) Unknown Wexford Employees (Jane/Joe Does 21-25) (collectively, "Defendants"), state as follows:

## THE PARTIES

1. Plaintiff Leander Carter, is a state prisoner who has been incarcerated at the Shawnee Correctional Center ("Shawnee") in Shawnee, Illinois with an inmate number of #B09162.

2

2. Plaintiff Michael Brent, is a state prisoner who has been incarcerated at the Pontiac Correctional Center ("Pontiac") in Pontiac, Illinois with an inmate number of # B04680.

3. Plaintiff Willie Johnson, is a state prisoner who has been incarcerated at Pontiac, with an inmate number of #B16884.

4. Plaintiff Charles Kidd, is a state prisoner who has been incarcerated at Pontiac, with an inmate number of #N33990.

5. Plaintiff Stanley Miller, is a state prisoner who has been incarcerated at Pontiac, with an inmate number of #R25189.

6. Plaintiff Oscar Patton, is a state prisoner who has been incarcerated at Pontiac, with an inmate number of #B71273.

7. Plaintiff Carl Rogers, is a state prisoner who has been incarcerated at Pontiac, with an inmate number of #N62675.

8. Plaintiff Joe Sherrod, is a state prisoner who has been incarcerated at Pontiac, with an inmate number of #N13582.

9. Plaintiff John Theis, is a state prisoner who has been incarcerated at Pontiac, with an inmate number of #M06139.

10. Plaintiff Pascual Videgaray, is a state prisoner who has been incarcerated at Pontiac, with an inmate number of #R32653.

11. Plaintiff Luis Villavicencio-se, is a state prisoner who has been incarcerated at Pontiac, with an inmate number of #M29511.

12. Plaintiff Jason Ward, is a state prisoner who has been incarcerated at

Pontiac, with an inmate number of #R05780.

13. Plaintiff Edward Harris, is a state prisoner who has been incarcerated at Pontiac, with an inmate number of #M02719.

14. Plaintiff Delmar Gray, is a state prisoner who has been incarcerated at Pontiac, with an inmate number of #B51265.

15. Plaintiff Dennis McArdle, is a state prisoner who has been incarcerated at Pontiac, with an inmate number of #K79627.

16. Plaintiff Blackie Veach, is a state prisoner who has been incarcerated at Pontiac, with an inmate number of #S14810.

17. Plaintiff Harold Oliver, is a state prisoner who has been incarcerated at Pontiac, with an inmate number of #A15828

18. Plaintiff Nicholas Andrews, is a state prisoner who has been incarcerated at Menard, with an inmate number of #B82197.

19. Plaintiff Christopher Alexander, is a state prisoner who has been incarcerated at both Pontiac and the Menard Correctional Center ("Menard") in Menard, Illinois with an inmate number of #B80710.

20. Plaintiff Brayone Murff, is a state prisoner who has been incarcerated at the Lincoln Correctional Center ("Lincoln") in Lincoln, Illinois with an inmate number of #M30332.

21. Plaintiff Carlos Jenkins, is a state prisoner who has been incarcerated at the Hill Correctional Center ("Hill") in Galesburg, Illinois with an inmate number of #K59498.

22. Defendant Wexford is a private company that provides medical services, under contract with the Illinois Department of Corrections ("IDOC"), for prisoners at various correctional facilities, including Shawnee, Pontiac, Menard, Lincoln and Hill.

23. At all times relevant to this case, Wexford had primary responsibility for providing medical services at Shawnee, Pontiac, Menard, Lincoln and Hill.

24. Defendant Arthur Funk, M.D. at relevant times was Wexford's Regional Medical Director for the Northern Region of Illinois. He is capable of and is hereby being sued in this Court in his individual capacity.

25. On information and belief, Unknown Wexford Employees (Jane/Joe Does 21-25) (Wexford and Funk are herein referred to as the "Wexford Defendants") were at relevant times lawfully appointed, empowered and acting in the capacity of the Wexford employees. The Wexford Defendants are capable of and are hereby being sued in this Court in their individual capacity.

26. Defendant, Alfonso David, M.D. is and was at relevant times a physician duly licensed to practice his profession in the State of Illinois and, based upon information and belief, was employed by Wexford to render medical services to prisoners at Shawnee Correctional Center located at Vienna, Illinois. He is capable of and is hereby being sued in this Court in his individual capacity.

27. Defendant, Sherri Lynn is and was at relevant times lawfully appointed to act in the capacity as the Healthcare Unit Administrator of the at Shawnee

Correctional Center located at Vienna, Illinois. She is capable of and is hereby being sued in this Court in her individual capacity.

28. Defendant, Andrew Tilden M.D. is and was at relevant times a physician duly licensed to practice his profession in the State of Illinois and, based upon information and belief, was employed by Wexford to render medical services to prisoners at Pontiac Correctional Center located at Pontiac, Illinois. He is capable of and is hereby being sued in this Court in his individual capacity.

29. Defendant, John Trost, M.D. is and was at relevant times, a physician duly licensed to practice his profession in the State of Illinois and, based upon information and belief, was employed by Wexford to render medical services to prisoners at Menard Correctional Center located at Menard, Illinois. He is capable of and is hereby being sued in this Court in his individual capacity.

30. Defendant, Kul Sood, M.D. is and was at relevant times a physician duly licensed to practice his profession in the State of Illinois and, based upon information and belief, was employed by Wexford to render medical services to prisoners at Hill Correctional Center located at Galesburg, Illinois. He is capable of and is hereby being sued in this Court in his individual capacity.

31. Defendant, Louis Shicker, is and was at relevant times a physician duly licensed to practice his profession in the State of Illinois and lawfully appointed, empowered and acting in the capacity of the Agency Medical Director of the IDOC in Chicago, Illinois. He is capable of and is hereby being sued in this Court in his individual capacity.

32. Defendant, Michael Puisis, M.D. is and was at relevant times a physician duly licensed to practice his profession in the State of Illinois and lawfully appointed, empowered and acting in the capacity of the Agency Medical Director of the IDOC in Chicago, Illinois. He is capable of and is hereby being sued in this Court in his individual capacity.

33. On information and belief, Unknown Doctors (Jane/Joe Does 1-10) were at relevant times physicians duly licensed to practice their profession in the State of Illinois and, based upon information and belief, were employed by Wexford Health Sources to render medical services to prisoners at Shawnee, Pontiac, Menard, Lincoln and/or Hill and are hereby being sued in this Court in their individual capacity. (David, Tilden, Trost, Sood and the Unknown Doctors are referred herein as the "Doctor Defendants.")

34. On information and belief, Unknown Medical Directors (Jane/Joe Does 11-15) were at relevant times lawfully appointed, empowered and acting in the capacity of the Agency Medical Director of the IDOC in Chicago, Illinois. They are capable of and are hereby being sued in this Court in their individual capacity. (Shicker, Puisis and the Unknown Medical Directors are referred herein as the "Medical Director Defendants.")

35. On information and belief, Unknown Healthcare Unit Administrators (Jane/Joe Does 11-15) were at relevant times lawfully appointed to act in the capacity as the Healthcare Unit Administrator of the at Shawnee, Pontiac, Menard, Lincoln and/or Hill and are hereby being sued in this Court in their individual

capacity. (Lynn and the Unknown Healthcare Unit Administrators are referred herein as the "Healthcare Unit Administrators Defendants.")

## JURISDICTION AND VENUE

36. This is a civil rights action to redress the deprivation under color of state law of rights, privileges and immunities secured to plaintiffs by the Eighth Amendment of the United States Constitution and 42 U.S.C. § 1983.

37. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4), The asserted rights and interests of each plaintiff exceed seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

38. This action properly lies within this judicial district under the provisions of 28 U.S.C. §§ 1391(b).

## FACTUAL BACKGROUND

### All Plaintiffs Suffer from Untreated Inguinal Hernias

39. All plaintiffs are incarcerated in the IDOC.

40. All plaintiffs have suffered and continue to suffer from pain and limitations in their activities of daily living due to inguinal hernias.

41. Their hernias restrict the flow of blood to their penises, painfully restrict the flow of their urination, cause them excruciating pain when coughing or sneezing, cause excruciating pain in their testicles, and significantly restrict both their normal daily activities and their ability to strenuously exercise, which is detrimental to their overall health.

42. All plaintiffs have complained to one or more of the defendants of the pain

and limitations in their activities of daily living due their inguinal hernias.

43. Medical experts state that "[a]lmost all groin hernias should be surgically repaired. When the potential complications of incarceration and strangulation are weighed against the minimal risks of hernia repair (particularly when local anesthesia is used), the early repair of groin hernias is clearly justified." Surgical Options in the Management of Groin Hernias, American Family Physician (Jan. 1, 1999)

44. However, despite having actual knowledge that surgical repair is the standard treatment for a hernia that continues to grow larger, restricts regular movement and causes extreme pain; defendants have been and continue to be deliberately indifferent to plaintiffs' medical condition by pursuing a course of treatment that they know is ineffective, thereby sacrificing the health of plaintiffs.

45. Defendants, with deliberate indifference to plaintiffs' physical pain and suffering, have systematically denied plaintiffs a relatively inexpensive and necessary surgical procedure to repair their hernias.

46. In fact, after having been previously found to be deliberately indifferent to the pain and suffering on another inmate's pain and suffering due to an inguinal hernia by a jury in the U.S. District Court for the Northern District of Illinois; defendants persist in perpetuating their unconstitutional policy of denying plaintiffs a relatively inexpensive and necessary surgical procedure to repair their hernias. (*Heard v. Wexford Health Sources* NDIL Docket # 06-CV-00644 "Heard trial")

47. In denying plaintiffs' surgery, defendants have ignored the competent professional medical evidence presented at the Heard trial that surgical repair of such hernias is the proper standard of care.

48. Defendants denials of proper surgical care of all plaintiffs, with the exception of plaintiff Videgaray, continues through the filing of this complaint.

Wexford's Cost-Cutting Policy Violates the Eighth Amendment

49. In this case, medical professionals, charged with providing medical care to inmates of the IDOC, regularly and systematically deprived plaintiffs of needed surgery for their hernias.

50. Defendant have ignored sound medical practices in favor of cost-saving policies created by Wexford and its employees and implemented by Defendant Doctors, Defendant Medical Administrators and Defendant Healthcare Unit Administrators.

51. Wexford is the medical services provider to inmates in IDOC facilities.

52. Wexford's agreement with IDOC allows for only surgical 216 hospital referrals per year.

53. For each surgical referral in excess of this amount, Wexford's monthly compensation payments are reduced by an amount equal to what the State pays out for hospital services.

54. In order to maintain its monthly compensation payments, Wexford instituted cost-cutting policies.

55. One such cost-cutting policy provides that surgical repair of an inguinal hernia is not approved the unless the hernia is incarcerated or strangulated; *i.e.* until the hernia was life-threatening.

56. Under Wexford' s policy, the cost of such surgical repair is outweighed by the risk of any such surgery.

57. Wexford's policy ignores the risks of not performing hernia-repair surgery for non-incarcerated or strangulated hernias *i.e.* that the hernia will become incarcerated or strangulated and life-threatening.

58. Wexford's policy, condoned and implemented by Defendant Doctors, Defendant Medical Administrators and Defendant Healthcare Unit Administrators, flies in the face of commonly accepted medical wisdom and standard of care, which provide that:

   a. the risks of hernia-repair surgery are minimal for all but a select few patients;

   b. the risk of not performing hernia-repair surgery is that a simple hernia will become incarcerated or strangulated; and

   c. surgical repair is the only long-term medical solution for hernias.

59. In order to reduce costs and increase profits, Wexford Defendants, assisted by the Healthcare Unit Administrators Defendants, have and continue to act in concert with the Doctor Defendants and the Medical Director Defendants adhere to a policy against providing surgery for prisoners whose hernias are not strangulated regardless of the degree of pain, anxiety or incapacity a plaintiff endures.

60. This policy maintained by Defendants has led to plaintiffs being deprived of constitutionally appropriate medical care.

61. Defendants actions, *i.e.* putting money before the medical needs of the people entrusted to their care, are shocking to the conscience and constitute cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

62. Due to the Defendants' willful, knowing and deliberate indifference, plaintiffs have suffered extensive pain, for which they seek recompense in this lawsuit.

## COUNT I
(Against Shicker, Puisis and the Unknown Medical Directors)
Cruel and Unusual Punishment

63. Plaintiffs adopt herein by reference the allegations contained in paragraphs 1-62.

64. The purpose of Section 1983 is to deter state actors, and private individuals in collaboration with state officials, from using a "badge of authority" to deprive individuals of rights guaranteed by the Constitution.

65. Under Section 1983, governmental immunity is to be denied, and compensatory damages awarded, when a state actor or collaborating private citizen has acted with either an impermissible motivation or with such disregard of the person's clearly established constitutional rights that such action cannot reasonably be characterized as being in good faith.

66. Defendants Shicker, Puisis and the Unknown Medical Directors' behavior is sufficiently outrageous as to shock the conscience.

12

67. Indeed, Defendants Shicker, Puisis and the Unknown Medical Directors denied Plaintiffs' appeals for surgical repair of their hernias.

68. Defendants Shicker, Puisis and the Unknown Medical Directors denied plaintiffs' surgeries for cost-cutting reasons that had no relationship to professional medical judgment.

69. Defendants Shicker, Puisis and the Unknown Medical Directors' actions caused plaintiffs to suffer needless pain and mental anguish.

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor and against the defendants Shicker, Puisis and the Unknown Medical Directors in an amount to be determined at trial, plus exemplary and punitive damages, costs, reasonable attorney's fees and for such other and further relief as this court deems proper.

COUNT II
(Against Wexford, Funk and the Unknown Wexford Employees)
Cruel and Unusual Punishment

70. Plaintiffs adopt herein by reference the allegations contained in paragraphs 1-69.

71. The purpose of Section 1983 is to deter state actors, and private individuals in collaboration with state officials, from using a "badge of authority" to deprive individuals of rights guaranteed by the Constitution.

72. Under Section 1983, governmental immunity is to be denied, and compensatory damages awarded, when a state actor or collaborating private citizen has acted with either an impermissible motivation or with such disregard of the

person's clearly established constitutional rights that such action cannot reasonably be characterized as being in good faith.

73. A corporate defendant violates Section 1983 if, acting under color of state law, it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners.

74. Defendants Wexford, Funk and the Unknown Wexford Employees maintained and implemented a cost-cutting policy that ensured that plaintiffs would not receive a relatively inexpensive surgical repair, regardless of the pain and suffering caused by such hernias, unless the hernias were incarcerated or strangulated.

75. Defendants Wexford, Funk and the Unknown Wexford Employees' behavior is sufficiently outrageous as to shock the conscience.

76. Indeed, Defendants Wexford, Funk and the Unknown Wexford Employees denied Plaintiffs' appeals for surgical repair of their hernias.

77. Defendants Wexford, Funk and the Unknown Wexford Employees denied Plaintiffs' surgeries for cost-cutting reasons that had no relationship to professional medical judgment.

78. Defendants Wexford, Funk and the Unknown Wexford Employees' actions caused plaintiffs to suffer needless pain and mental anguish.

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor and against the defendants Wexford, Funk and the Unknown Wexford Employees in an amount to be determined at trial, plus exemplary and punitive damages, costs,

reasonable attorney's fees and for such other and further relief as this court deems proper.

## COUNT III
(Against Defendants David, Tilden, Trost, Sood and the Unknown Doctors)
Cruel and Unusual Punishment

79. Plaintiffs adopt herein by reference the allegations contained in paragraphs 1-78.

80. The purpose of Section 1983 is to deter state actors, and private individuals in collaboration with state officials, from using a "badge of authority" to deprive individuals of rights guaranteed by the Constitution.

81. Under Section 1983, governmental immunity is to be denied, and compensatory damages awarded, when a state actor or collaborating private citizen has acted with either an impermissible motivation or with such disregard of the person's clearly established constitutional rights that such action cannot reasonably be characterized as being in good faith.

82. A corporate defendant violates Section 1983 if, acting under color of state law, it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners.

83. Defendants David, Tilden, Trost, Sood and the Unknown Doctors maintained and implemented a cost-cutting policy that ensured that plaintiffs would not receive a relatively inexpensive surgical repair, regardless of the pain and suffering caused by such hernias, unless the hernias were incarcerated or strangulated.

84. Defendants David, Tilden, Trost, Sood and the Unknown Doctors' behavior is sufficiently outrageous as to shock the conscience.

85. Indeed, Defendants David, Tilden, Trost, Sood and the Unknown Doctors denied Plaintiffs' appeals for surgical repair of their hernias.

86. Defendants David, Tilden, Trost, Sood and the Unknown Doctors denied Plaintiffs' surgeries for cost-cutting reasons that had no relationship to professional medical judgment.

87. Defendants David, Tilden, Trost, Sood and the Unknown Doctors' actions caused plaintiffs to suffer needless pain and mental anguish.

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor and against the defendants David, Tilden, Trost, Sood and the Unknown Doctors in an amount to be determined at trial, plus exemplary and punitive damages, costs, reasonable attorney's fees and for such other and further relief as this court deems proper.

## COUNT IV
(Against Defendants Lynn and the Unknown Healthcare Unit Administrators)
Cruel and Unusual Punishment

88. Plaintiffs adopt herein by reference the allegations contained in paragraphs 1-87.

89. The purpose of Section 1983 is to deter state actors, and private individuals in collaboration with state officials, from using a "badge of authority" to deprive individuals of rights guaranteed by the Constitution.

90. Under Section 1983, governmental immunity is to be denied, and compensatory damages awarded, when a state actor or collaborating private citizen has acted with either an impermissible motivation or with such disregard of the person's clearly established constitutional rights that such action cannot reasonably be characterized as being in good faith.

91. A corporate defendant violates Section 1983 if, acting under color of state law, it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners.

92. Defendants Lynn and the Unknown Healthcare Unit Administrators maintained and implemented a cost-cutting policy that ensured that plaintiffs would not receive a relatively inexpensive surgical repair, regardless of the pain and suffering caused by such hernias, unless the hernias were incarcerated or strangulated.

93. Defendants Lynn and the Unknown Healthcare Unit Administrators' behavior is sufficiently outrageous as to shock the conscience.

94. Indeed, Defendants Lynn and the Unknown Healthcare Unit Administrators' denied Plaintiffs' appeals for surgical repair of their hernias.

95. Defendants Lynn and the Unknown Healthcare Unit Administrators denied Plaintiffs' surgeries for cost-cutting reasons that had no relationship to professional medical judgment.

96. Defendants Lynn and the Unknown Healthcare Unit Administrators' actions caused plaintiffs to suffer needless pain and mental anguish.

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor and against the defendants Lynn and the Unknown Healthcare Unit Administrators in an amount to be determined at trial, plus exemplary and punitive damages, costs, reasonable attorney's fees and for such other and further relief as this court deems proper.

Demand for Jury Trial

Plaintiffs hereby request a trial by jury.

Respectfully submitted,

/s/ John J. Muldoon, III

John J. Muldoon, III
Muldoon & Muldoon, LLC
Illinois Attorney Number 6185878
30 N. LaSalle Street, Suite 2950
Chicago, IL 60602
312-739-3550
Service will be accepted via email at
jjm@muldoonlaw.com